UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark Steven Gaul,

    Plaintiff,

v.                                                                                   Civil No. 13-163 (JNE/FLN)
                                                                                  ORDER

Carolyn W. Colvin,
Acting Commissioner of Social Security,

    Defendant.

Plaintiff Mark Steven Gaul brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") benefits. The case is now before the Court on a Report and Recommendation from the Honorable Arthur J. Boylan, Chief United States Magistrate Judge,[1] dated October 31, 2013. ECF No. 21. The Chief Magistrate Judge recommends that Defendant's Motion for Summary Judgment be denied, that Plaintiff's Motion for Summary Judgment be granted, and that the case be remanded to the Commissioner for reversal and an award of benefits to Mr. Gaul. *Id.*

After the Report and Recommendation issued, Defendant filed a Memorandum in Support of Motion for Summary Judgment. ECF No. 24. Based on its contents, the Court construes Defendant's memorandum as an objection to the Report and Recommendation. *See* D. Minn. LR 7.2(b)(3), 77.2(b)(1).

---

[1] Following the issuance of the Report and Recommendation, and due to Chief Magistrate Judge Boylan's retirement, the case was reassigned to Magistrate Judge Franklin L. Noel. ECF No. 22.

1

Defendant objects on two grounds. First, Defendant contends that the case should be remanded for further proceedings, rather than for the award of benefits, to allow the Administrative Law Judge ("ALJ") "to cure any deficiencies in his RFC [Residual Functional Capacity] assessment." ECF No. 21 at 1. Second, Defendant "reasserts that the ALJ had no intention of finding Plaintiff had marked limitations in concentration, persistence and pace, as part of his [RFC assessment], without further explanation." *Id.* at 1. On that basis, Defendant faults the Chief Magistrate Judge for "re-weighing" the evidence and for "rel[ying] on vocational expert testimony that a hypothetical claimant [who] had marked limitations in concentration, persistence, and pace would be precluded from work." *Id.* at 1-2.

Defendant's objections are without merit. Though Defendant now purports to "reassert" an argument that the ALJ did *not* intend to find that Plaintiff had marked limitations in concentration, persistence, and pace when assessing his RFC, Defendant did not simply fail to raise that argument before the Chief Magistrate Judge, but in fact conceded the exact opposite:

> [W]hen assessing Plaintiff's RFC and ability to return to past relevant work, the ALJ indicated that Plaintiff had a moderate limitation in concentration, persistence, and pace. (Tr. 17), Plaintiff concedes that the ALJ's statement that he had a moderate limitation in concentration, persistence, and pace was likely a scrivener's error. (Pl's Br. at 19). *The Commissioner agrees that it appears to be a typographical error, and the ALJ intended to adopt medical expert Dr. James Felling's findings* [that Plaintiff had marked limitations in concentration, persistence, and pace]. (Tr. 17).

Defendant's Memorandum in Support of Motion for Summary Judgment at 5 (ECF No. 19) (emphasis added). The Magistrates Act was "not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000) (quoting *Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir.1988), *overruled in part on other grounds, United States v. Hardesty,* 977 F.2d 1347, 1348 (9th Cir.1992) (en banc) (per curiam)).

Furthermore, when the ALJ posed an alternative hypothetical question that properly accounted for Plaintiff's marked limitations in concentration, persistence, and pace, the Vocational Expert testified that no jobs were available in the regional or national economy. Documents Related to Administrative Process at 67 (ECF No. 11-2) (the "second hypothetical"). In these circumstances, Mr. Gaul's disability is established and remand to the Commissioner for reversal and an award of benefits is the proper course. *See, e.g., Holmstrom v. Massanari*, 270 F.3d 715, 722 (8th Cir. 2001) (remanding to Commissioner for reversal and award of benefits where Vocational Expert testified that no jobs are available for person described in hypothetical question that accurately accounted for plaintiff's limitations); *Taylor v. Chater*, 118 F.3d 1274, 1279 (8th Cir. 1997) (same).

Based on a de novo review of the record, D. Minn. LR 72.2(b), the Court adopts the Report and Recommendation in its entirety.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's Motion for Summary Judgment [ECF No. 12] is GRANTED, and the case is remanded to the Commissioner of Social Security for reversal and award of benefits.
2. Defendant's Motion for Summary Judgment [ECF No. 18] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 26, 2013
s/Joan N. Ericksen
The Honorable Joan N. Ericksen
United States District Judge