THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark Steven Gaul,

        Plaintiff.

v.

Carolyn W. Colvin,
Commissioner of Social Security,

        Defendant.

Case No. 13-163 JNE/FLN

**REPORT AND RECOMENDATION**

_____

Dori Leland for Plaintiff
Ann Bildtsen for Defendant

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's Petition for Attorneys' Fees pursuant to the Equal Justice Act (EAJA). ECF No. 27. This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, Plaintiff's petition is **GRANTED.**

## I. BACKGROUND

Plaintiff appealed the Social Security Commissioner's denial of his Supplemental Security Income application in January 2013. ECF No. 1. In November 2013, this Court granted Plaintiff's motion for Summary Judgment and remanded the case to the Commissioner for reversal and award of benefits. *See* Order Adopting R&R, ECF No. 12. Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), Plaintiff now seeks $14,062.40 in attorney's fees for 75.2 hours of work billed in this case. Pl.'s. Mem. in Supp. of Fee Pet. 6, ECF No. 28. Defendant argues that the hours billed in this case are excessive and

requests the Court to reimburse Plaintiff for no more 35 hours of work. Def. Mem. in Opp. to Pl.'s Pet. for Atty. Fees, ECF No. 34.

## II. ANALYSIS

The EAJA states:

> Except as otherwise specifically provided by statutes, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

U.S.C. § 2412(d)(1)(A). The Eighth Circuit has concluded that Section 2412 applies to Social Security disability cases. *Cornella v. Schweiker*, 728 F.2d 978, 987 (8th Cir. 1984). The party seeking an award of fees bears the burden of showing that the fees sought are reasonable. *Hensley v. Eckerhart*, 461, U.S. 424, 437 (1983). In determining reasonable attorney's fees, the court should consider the following: (1) time and labor required; (2) the attorneys' experience, ability and reputation; (3) the benefits resulting to the client from the services; (4) the customary fee for similar services; (5) the contingency or certainty of compensation; (6) the amount involved and the results obtained. *Id.* at 430, n.3.

Defendant concedes that Plaintiff is the prevailing party under the EAJA but argues that seeking reimbursement for 75.2 hours is unreasonable. Def. Mem. in Opp. to Pl.'s Pet. 3, ECF No. 34. In support of their position, Defendant argues that the case did not include any novel legal issues. *Id.* Defendant also notes that the administrative record was less than 500 pages, which his shorter than most Social Security cases. *Id.* Finally, Defendant maintains that because Plaintiff's attorneys are experienced social security practitioners, this "straightforward functional limitation case" could have been prepared

2

more efficiently. *Id.* Plaintiff argues that the contingent nature of the case, the length of representation[1] and the results obtained support a finding in their favor for reimbursement of all hours billed. *See generally* Pl.'s Rep. Mem. in Supp., ECF No. 36. Plaintiff also notes that the Commissioner "argues that the time expended was excessive, but does not specify which hours in particular were not reasonably expended." ECF No. 36 at 3.

The Court has reviewed the Time Record sheet in this case. Although it is true that most social security award fee cases are typically in the 25-40 range, the Court finds nothing unreasonable about the itemized time spent by counsel in this case. *See* ECF No. 29-1. The Court also notes that while the more experienced attorney's representing Gaul have significant social security litigation experience, the majority of hours worked in this case were billed by an associate who is a recent law school graduate. This is to be expected in any law firm structure that utilizes associates and is therefore not unreasonable. Nor is an award of fees for 70 plus hours unheard of in this District. *See Hollingsworth v. Astrue*, 2012 U.S. Dist. LEXIS 190184, *2 (Dist. Minn. Aug. 14, 2012) (awarding 76.25 hours at a $180.50 rate). For these reasons, Plaintiff's petition for an award of fees should be **GRANTED** in its entirety.

### III. RECOMMENDATION

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Petition for attorneys' fees (ECF No, 27) be **GRANTED**.

DATED: July 29, 2014             *s/Franklin L. Noel*
                                                             FRANKLIN L. NOEL
                                                              United States Magistrate Judge

---

[1] Counsel began representing Gaul in 2010 during the proceedings before an ALJ. The billing record total at issue here relates only to hours billed for Gaul's federal appeal, starting in January 2013. *See* ECF No. 29-1.

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before August 12, 2014, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.